**THE LYON FIRM**
Joseph M. Lyon (CAL BAR # 351117)
9200 Irvine Center Drive
Suite 200
Irvine, CA 92618
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

*Attorneys for Plaintiff and the Proposed Class*

**MEYER WILSON WERNING CO., LPA**
Matthew R. Wilson (SBN 290473)
305 W. Nationwide Blvd.
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
Email: mwilson@meyerwilson.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE BELLON and CATHERINE BELLON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TOP GUN CRE, INC.; and DOE EMPLOYEES 1-10, <br><br> Defendant. | Case No. **'25 CV 2693 BJC DDL** <br><br> **JUDGE** <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Eugene and Catherine Bellon ("Plaintiffs") bring this Complaint and the following causes of action against Defendant Top Gun CRE, Inc. ("Defendant") alleging as follows:

## INTRODUCTION

1.  This case involves a telemarketing campaign by Defendant who made, or caused to be made, phone calls to residential numbers nationwide to market its services by contacting numbers repeatedly after those numbers were added to the National Do-

Not-Call registry, a plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

2.      Further, Defendant commissioned a robocall campaign that called Plaintiff's cellular telephone number and played a prerecorded message attempting to solicit Plaintiff's business. Plaintiff did not provide consent to receive these calls.

3.      The recipients of these unlawful calls, which include Plaintiff and the Proposed Class, are entitled to damages under the TCPA, and because telemarketing campaigns make calls *en masse*, the appropriate vehicle for recovery is a class action lawsuit.

4.      Plaintiffs thus seek redress on behalf of themselves and all others similarly situated who subscribe to a cellular telephone number registered on the National Do-Not-Call Registry

## PARTIES

**Plaintiff Eugene Bellon**

5.      Plaintiff Eugene Bellon is an individual residing in Suffolk, New York.

**Plaintiff Catherine Bellon**

6.      Plaintiff Catherine Bellon is an individual residing in Suffolk, New York.

**Defendant Top Gun CRE, Inc.**

7.      Defendant is a California for-profit company with its principal place of business located at 1550 Hotel Circle North, Suite 225, San Diego, California 92108. Defendant can be serve via its registered agent, Maxim Delbecq at its principal place of business.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, 47 U.S.C. § 227, *et seq*.

CLASS ACTION COMPLAINT

9. This Court has personal jurisdiction over Defendant Top Gun CRE, Inc. because it is registered and systemically and continuously conducts business in California.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's cause of action occurred in this district.

## TCPA BACKGROUND

11. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

12. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. The provision that establishes a private right of action against an entity that violates the National Do-No-Call Registry restrictions provides that "[a] person who has received more than one telephone call within any twelve (12) month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5) (emphasis added).

13. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Mem. Op. & Order, 10 FCC Rcd. 12391, 12937, ¶ 13.

14. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility

for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See 1995 TCPA Reconsideration Order*; *Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

15.    The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. *In re Joint Pet. filed by DISH Network LLC*, Declaratory Ruling, 28 FCC Rcd. 6574 (2013).

16.    According to the online robocall tracking service "YouMail," 4.2 billion robocalls were placed in August 2025 alone, at a rate of 133.9 million calls per day. [1]

17.    The FCC has received an increased number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. [2]

18.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC."[3]

19.    "The FTC receives more complaints about unwanted calls than other Complaints combined." [4]

---

[1] *See August 2025 Nationwide Robocall Data*, YouMail: Robocall Index (last visited September 26, 2025), https://robocallindex.com/2025/august.

[2] FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-helpcenter-data.

[3] Tom Wheeler, Cutting off Robocalls (July 22, 2016), statement of FCC chairman.

[4] Staff of the Federal Trade Commission's Bureau of Consumer Protection, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).

CLASS ACTION COMPLAINT

# FACTUAL ALLEGATIONS

20.    Defendant is a San Diego based "commercial real estate brokerage, specializing in multifamily investment advisory, apartment transactions, 1031 exchanges, and property management."[5]

21.    Defendant makes, or causes to be made, calls to consumers to solicit business for its brokerage, management, and listing services.[6]

22.    Plaintiffs are the subscribers and sole users of their 9251 numbers and are financially responsible for phone service of the numbers.

23.    Plaintiffs' 9251 numbers are residential lines located in New York where Plaintiffs reside.

***Plaintiff Eugene Bellon's Experience***

24.    Plaintiff Eugene Bellon registered his 9251 number with the National Do-Not-Call Registry on or around July 6, 2003, and has been registered at all times relevant to this action.

25.    On or around December 6, 2024, Defendant made, or caused to be made, a telemarketing call to Plaintiff's 9251 residential number attempting to market its real estate services, including property listing services. The call was made by the number (858) 226-1994, a number believed to be registered to Bradley Baczkowski, an employee or agent of Defendant.

26.    During the call on or around December 6, 2024, Plaintiff informed Defendant's agent or employee that he was not interested and requested that Defendant does not call him again.

---

[5] *Company Overview Brochure* available at https://www.topguncre.com/company (last visited Sept. 5, 2025).
[6] *See Process*, TopGun CRE, https://www.topguncre.com/process (last visited Sept. 5, 2025).

CLASS ACTION COMPLAINT

27.    Following the December 6, 2024 call, Defendant made, or caused to be made, six additional telemarketing calls to Plaintiff's 9251 number from Defendant's (858) 226-1994 number. The most recent of those calls was made on August 14, 2025.

28.    On or around March 24, 2025, Defendant made, or caused to be made, two telemarketing calls to Plaintiff Eugene's 9251 from Defendant's (760) 900-6795 number. Upon information and belief, this number is registered to Daniel Gonzalez, an employee or agent of Defendant. Plaintiff again answered and requested that Defendant stop calling his residential number.

29.    On or around August 4, 2025, Defendant made, or caused to be made, a telemarketing call to Plaintiff Eugene's 9251 number from Defendant's (619) 453-1675 number. Upon information and belief, this number is registered to Hector Pichardo, an employee or agent of Defendant. Plaintiff again answered and requested that Defendant stop calling his residential number.

30.    On or around September 4, 2025, Defendant made or caused to be made a pre-recorded voice call to Plaintiff Eugene's 9251 number advertising Defendant's property listing services. The call lasted for one minute and thirteen seconds and provided no means of opting out of receiving such unwanted calls.

31.    Plaintiff Eugene does not have any prior existing business relationship with Defendant. Further, Plaintiff has never consented, written or oral, to receiving pre-recorded calls from Defendant.

32.    Even though Plaintiff's residential number was, and has been at all times relevant, registered on the National Do-Not-Call Registry, Plaintiff continues to receive calls from Defendant or its agent.

33.    In total, between December 6, 2024 and September 4, 2025, Plaintiff received ten unsolicited and unwanted calls and one pre-recorded call from Defendant attempting to solicit Plaintiff Eugene's business.

34.    Defendant's calls were transmitted to Plaintiff's residential cellular telephone, and within the timeframe relevant to this action.

CLASS ACTION COMPLAINT

35. The calls were made to market Defendant's services and to solicit Plaintiff's business.

36. Defendant made, or caused to be made, the subject phone calls to Plaintiff's residential number from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this jurisdiction.

37. Upon information and belief, Defendant caused other telemarketing phone calls to be made to individuals from this judicial jurisdiction.

38. Defendant's phone calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

39. At no point during the relevant time period did Plaintiff and Defendant have a prior existing business relationship permitting Defendant to make telemarketing calls to Plaintiff's residential number.

40. Plaintiff has no existing business relationship with Defendant.

41. At the time Plaintiff received each of these phone calls, Plaintiff never consented to receiving telemarketing calls from Defendant. As a result, Defendant should not have placed any telemarketing calls to Plaintiff.

42. Upon information and belief, Defendant, or someone acting on its behalf, violated Plaintiff's privacy by making each of the above reference unwanted telemarketing phone calls, and they constitute a nuisance as they are annoying and harassing.

43. Upon information and belief, Defendant failed to honor the National Do-Not-Call registrations of individuals' residential lines while conducting telemarketing campaigns.

***Plaintiff Catherine Bellon's Experience***

44. Plaintiff Catherine Bellon registered her 9251 number with the National Do-Not-Call Registry on or around March 9, 2006, and has been registered at all times relevant to this action.

45. On or around August 21, 2024, Defendant made, or caused to be made, two telemarketing calls to Plaintiff Catherine's 9251 residential number attempting to market its real estate services, including property listing services. The call was made by the number (858) 299-8956, a number believed to be registered to Defendant or Defendant's agent or employee.

46. During one or both of the August 21, 2024 calls, Plaintiff answered and informed the caller that she is on the National Do-Not-Call registry and asked that the caller stop calling her number.

47. Even though Plaintiff Catherine's number is registered on the National DNC and she had explicitly requested that Defendant stop calling her, Defendant made, or caused to be made, nine more calls to Plaintiff Catherine's residential 9251 number.

48. In total, between August 2024 and September 2025, Plaintiff Catherine received eleven unwanted calls from Defendant attempting to market their real estate business.

49. Plaintiff has no existing business relationship with Defendant.

50. At all times relevant, Plaintiffs' residential cell phone numbers were registered on the National Do-Not-Call Registry.

51. At the time Plaintiffs received each of these phone calls, Plaintiffs never consented to receiving telemarketing calls from Defendant. As a result, Defendant should not have placed any telemarketing calls to Plaintiffs.

52. Upon information and belief, Defendant, or someone acting on its behalf, violated Plaintiffs' privacy by making each of the above reference unwanted telemarketing phone calls, and they constitute a nuisance as they are annoying and harassing.

53. Upon information and belief, Defendant failed to honor the National Do-Not-Call registrations of individuals' residential lines while conducting telemarketing campaigns.

# CLASS ALLEGATIONS

**National Do-Not-Call Registry Class ("DNC Class")**

54.     Plaintiffs bring Count I of this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Proposed Class tentatively defined as:

> All natural persons residing in the United States who, within the four years prior to and after the filing of this lawsuit through the date of class certification, were not and had never been a customer of Defendant, and received more than one call regarding Defendant's goods or services within twelve months (either phone call or text message) from or on behalf of Defendant at least thirty days after registering their telephone number with the National Do-Not-Call Registry.

**Internal Do-Not-Call Registry Class ("IDNC Class")**

55.     Plaintiffs bring Count II of this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Proposed Class tentatively defined as:

> All natural persons residing in the United States who, within the four years prior to and after the filing of this lawsuit through the date of class certification, were not and had never been a customer of Defendant, and received two or more calls regarding Defendant's goods or services within any 12-month period from or on behalf of Defendant after communicating to Defendant that they did not wish to receive calls.

**Robocall/Prerecorded Call Class ("Robocall Class")**

56.     Plaintiff Eugene Bellon brings Count III of this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Proposed Class tentatively defined as:

> All natural persons residing within the United States who, within four years prior to and after the filing of this action, received a non-emergency telephone call from or on behalf of Defendant to a cellular phone through

the use of an artificial or prerecorded voice, and who were not and had never been a customer of Defendant.

**The Action Meets the Requirements to be Certified as a Class**

57. Plaintiffs Catherine Bellon and Eugene Bellon are members of the DNC Class and IDNC Class, and Plaintiff Eugene Bellon is a member of the Robocall Class.

58. The Proposed Classes can be identified through telephone records and databases used in transmitting the telemarketing calls.

59. **Numerosity.** The exact size of the class is information within the exclusive knowledge of Defendant. However, the number of Putative Class Members is believed to be in the hundreds or thousands, rendering the classes so numerous that individual joinder of all Class Members is impracticable.

60. **Commonality.** There are questions of law and fact common to Plaintiffs and to the Proposed Classes under the TCPA, including, but not limited to, the following:

    a. As to the DNC Class:

        i. Whether Defendant initiated, or caused to be initiated, telephone sales calls to Plaintiff and the Class Members;

        ii. Whether Defendant placed solicitation calls to individuals who registered their telephone numbers on the National Do-Not-Call Registry more than 30 days prior;

        iii. Whether Defendant implemented the requisite training of personnel under 47 C.F.R. § 64.1200;

        iv. Whether Defendant willfully or knowingly violated the TCPA by failing to honor the National Do-Not-Call registry; and

        v. Whether Defendant is liable for damages, and the amount of such damages.

    b. As to the IDNC Class:

   i. Whether Defendant initiated, or caused to be initiated, telephone sales calls to Plaintiff and the Class Members;

   ii. Whether Defendant continued to initiate telephone solicitations after opt-out requests;

   iii. Whether Defendant failed to honor Plaintiffs' and Class Members' opt-out requests;

   iv. Whether Defendant willfully or knowingly violated the TCPA by failing to honor Plaintiffs' and Class Members' opt-out requests; and

   v. Whether Defendant is liable for damages, and the amount of such damages.

  c. As to the Robocall Class:

   i. Whether Defendant's calls used a prerecorded voice within the meaning of the TCPA;

   ii. Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; and

   iii. Whether the telephone call were made knowingly or willfully; and

   iv. Whether Defendant is liable for damages, and the amount of such damages.

61. **Typicality.** Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims               of the proposed Putative Class Members. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other Members of the Proposed Classes.

62. **Adequacy.** Fed. R. Civ. P. 23(a)(4). Plaintiffs are adequate representatives of the Proposed Putative Class because their interests coincide with, and are not antagonistic to, the interests of the Members of the Proposed Putative Classes they seek to represent; they have retained counsel competent and

experienced in such litigation; and they intend to prosecute this action vigorously. Plaintiffs and their Counsel will fairly and adequately protect the interests of Members of the Proposed Putative Classes.

63.    **Superiority.** Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Members of the Proposed Putative Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendant's conduct and knowledge, not upon the effect of Defendant's conduct on the Putative Class Members.

64.    The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Members of the Putative Class to individually redress effectively the wrongs done to them, as the TCPA has no attorney's fee shifting provision. Even if the Members of the Proposed Putative Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

65.    Class certification is appropriate because Defendant has acted on grounds generally applicable to the proposed Putative Classes, making appropriate equitable injunctive relief with respect to Plaintiffs and the proposed Putative Class Members. Fed. R. Civ. P. 23(b)(2).

66.     **Injunctive and Declaratory Relief Appropriate.** Defendant has acted on grounds generally applicable to the Putative Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Putative Classes appropriate on a class wide basis. Moreover, on information and belief, and based on his experience, Plaintiffs allege that the calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSE OF ACTION

### COUNT I
**Violations of 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiffs and the National Do-Not-Call Class)**

67.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

68.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

69.     47 C.F.R. § 64.1200(c) is "applicable to any persons or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

70.     Under the TCPA, a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity may bring a private cause of action against such entity based on a violation of the TCPA.

71.     Plaintiffs and the Class each registered on the National Do-Not-Call Registry more than 30 days prior to receiving such calls.

72.     Plaintiffs and the Class received more than one such call in a twelve-month period from Defendant.

CLASS ACTION COMPLAINT

73.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the National Do-Not-Call Registry Class received more than one call in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

74.    Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each the Class is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant are found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each Class Member.

75.    In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

## COUNT II
### Violations of 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiffs and the IDNC Class)

76.    Plaintiffs re-allege and incorporate by reference the foregoing allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

77.    In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf o that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making . . . calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel. Personnel . . . engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making . . . any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

78.    Plaintiffs and the IDNC Proposed Class each asked Defendant to stop making telemarketing calls to them.

CLASS ACTION COMPLAINT

79.    Defendant continued to make telemarketing calls to Plaintiffs and the IDNC Proposed Class after they were, or should have been, listed on Defendant's Internal Do-Not-Call List, in violation of 47 CFR § 64.1200(D)(3).

80.    Plaintiffs and the IDNC Proposed Class received one or more calls 30 days after requesting to be added to Defendant's Internal Do-Not-Call List.

81.    Pursuant to 47 U.S.C. § 227(c)(5), Plaintiffs and each IDNC Proposed Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation.

82.    In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, treble the statutory damages to not more than $1,500.00 for each such violation with Plaintiffs and each IDNC Proposed Class Member.

**COUNT III**
**Violations of 47 U.S.C. § 227(b)(3)(A)**
**(On Behalf of Plaintiff Eugene Bellon and the Robocall Class)**

83.    Plaintiff Eugene Bellon incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

84.    The acts of Defendant constitute a violation of the Telephone Consumer Protection Act and/or its implementing regulations.

85.    The TCPA prohibits making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 CFR § 64.1200(a)(1)(iii).

86.    Defendant made such calls to Plaintiff and members of the putative class.

87.    Defendant's conduct is both willful and knowing.

88.    Accordingly, Plaintiff brings this action, individually, pursuant to 47 U.S.C. § 227(b)(3)(B), for damages in the liquidated amounts provided by statute.

89.    Plaintiff requests that the Court treble damages for each willful or knowing violation of the TCPA.

CLASS ACTION COMPLAINT

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and as a representative of all other persons similarly situated, prays for judgment against Defendant, awarding relief as follows:

a. Certifying the proposed Class List Class under Fed. R. Civ. P. 23 and appointing Plaintiff and his counsel to represent the Class;

b. Statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

c. A permanent injunction restraining Defendants from making, or having made on their behalf, any additional non-emergency calls to residential lines that are on the National Do-Not-Call Registry without first obtaining the prior express written consent of the called party;

d. A permanent injunction restraining Defendants from making, or having made on their behalf, any additional non-emergency calls to residential lines of people who have previously requested to be added to Defendant's Internal Do-Not-Call list;

e. A permanent injunction restraining Defendants from making, or having made on their behalf, any additional non-emergency, artificial or prerecorded voice calls to residential lines;

f. Pre-judgment interest from the date of filing this suit;

g. A reasonable attorney's fee to be paid out of any common fund created by virtue of this litigation;

h. All costs of this proceeding; and

i. All general, special, and equitable relief to which Plaintiff and the respective Members of the Class are entitled to by law.

DATED: October 10, 2025          */s/ Joseph M. Lyon*

Joseph M. Lyon (SBN 351117)

CLASS ACTION COMPLAINT

THE LYON FIRM
9210 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

Matthew R. Wilson (SBN 290473)
MEYER WILSON WERNING CO., LPA
305 W. Nationwide Blvd.
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile:  (614) 224-6066
Email: mwilson@meyerwilson.com

*Attorneys for Plaintiffs and the
Proposed Class*

CLASS ACTION COMPLAINT